UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                               Case No. 10-80808-DHW
                                                    Chapter 7
GREGORY JOHANSEN and
TAWANA JOHANSEN,

    Debtors.

## MEMORANDUM OPINION

The debtors filed a motion to voluntarily dismiss their chapter 7 bankruptcy case. The trustee objected to the motion, contending that an undisclosed checking account is an asset of the estate available for distribution to unsecured creditors.

The parties submitted the motion to the court on a joint stipulation of facts and briefs of counsel. For the following reasons, the court concludes that the motion should be granted.

### Jurisdiction

The court's jurisdiction in this dispute is derived from 28 U.S.C. § 1334 and from an order of the United States District Court for this district referring title 11 jurisdiction to the bankruptcy court. *See* General Order of Reference of Bankruptcy Matters (M.D. Ala. Apr. 25, 1985). Because dismissal of a bankruptcy case is a matter concerning the administration of the estate, this court's jurisdiction is extended to the entry of a final order or judgment pursuant to 28 U.S.C. § 157(b)(2)(A).

### Undisputed Facts

The parties agree that the relevant facts are undisputed and have filed a joint stipulation of facts (Doc. #34). The court adopts the stipulated facts as the facts in this case and summarizes them as follows.

1

Gregory and Tawana Johansen filed the instant chapter 7 petition on May 26, 2010. At the time of the petition, Tawana Johansen was in need of immediate surgery for abscessed teeth resulting from Addisons Disease. She became aware of her condition in December of 2008. The oral surgeon required payment in full prior to surgery, so the debtor began saving money in a personal savings account at Wachovia Bank. The debtor did not disclose the account in her bankruptcy schedules because the surgery was to be performed before the petition was filed.

When the petition was filed, Wachovia froze the account and forwarded the balance to the trustee. The trustee is currently holding $6,387.56 pending resolution of the motion to dismiss.

## Section 707(a)

A debtor "has no absolute right to dismissal of a chapter 7 case." *Schwartz v. Geltzer (In re Smith),* 507 F.3d 64,72 (2nd Cir. 2007). A court may dismiss a chapter 7 case for only for "cause." 11 U.S.C. § 707(a). Section 707(a) provides three examples of "cause."[1] The examples are illustrative and not exclusive. *Id.* Cause exists if "dismissal would be in the best interest of all parties in interest." *Id.* The Second Circuit stated:

> The best interest of the debtor "lies generally in securing an effective fresh start upon discharge and in the reduction of administrative expenses leaving him with resources to work out his debts." With regard to creditors, the issue is typically one of prejudice: "[C]reditors can be prejudiced if the motion to dismiss is brought after the passage of a considerable

---

[1] Cause under section 707(a) includes:

(1) unreasonable delay by the debtor that is prejudicial to creditors;
(2) nonpayment of any fees and charges required under chapter 123 of Title 28 [28 USC §§ 1911 et seq.]; and
(3) failure of the debtor in a voluntary case to file, within fifteen days . . . the information required by paragraph (1) of section 521, but only on a motion by the U.S. trustee.

2

amount of time and they have been forestalled from collecting the amounts owed to them."

*Id.* at 72. The determination of whether dismissal would be in the best interest of all parties "is guided by equitable considerations" and "is committed to the sound discretion of the bankruptcy court." *Id.* at 73. A noted bankruptcy treatise states: "The court has substantial discretion in ruling on a motion to dismiss under section 707(a), and in exercising that discretion must consider any extenuating circumstances, as well as the interests of the various parties." 6 Alan N. Resnick and Henry J. Sommer, Collier on Bankruptcy ¶ 707.03 (15th ed. rev. 2010). "The burden for showing cause is on the moving party." *Dionne v. Simmons (In re Simmons)*, 200 F.3d 738, 743 (11th Cir. 2000).

## Contentions

The debtor contends that dismissal of the case would serve her best interest. Her health would be seriously impacted if she is unable to use the funds in the account for the surgery. She has surrendered the collateral securing the sole secured debt, and unsecured debts total approximately $143,392 – an amount far in excess of the funds in the account.

The trustee contends that the account funds are an asset of the estate available for distribution to unsecured creditors. Although the account funds will produce only a 4% payment to unsecured creditors, the trustee contends that regardless of the size of the dividend, the funds should be used to pay the unsecured creditors.

## Conclusions of Law

In considering the best interests of the debtor, the discharge of significant unsecured debt and any deficiency incurred from the surrender of collateral would potentially leave the debtors in a better financial condition than if the case were to be dismissed. On the other hand, use of the money to fund essential surgery is in the debtor's best medical interest.

3

The nondisclosure of the account by the debtor is a factor that weighs heavily against dismissal. Knowingly omitting an asset from the schedules undermines the administration of the bankruptcy estate. The integrity of the bankruptcy system depends on the full disclosure of a debtor's assets. The debtor admits that the decision to exclude the asset was intentional. However, she contends that she was not hiding the asset because she anticipated that the funds would be expended for the surgery before the petition was filed.

The creditors obviously have an interest in being paid on their claims. However, the account funds could pay only a very small percentage on the claims of creditors in this case. Additionally, the debtors filed the motion to dismiss only nine days after the petition was filed. Therefore, it does not appear that the creditors have been prejudiced by the timeline in this case.

Upon consideration of the above, and mindful that the court in exercising its discretion may consider extenuating circumstances, the court concludes that dismissal will serve the best interest of all parties in this case.

However, in order to protect the interests of the creditors, the debts to unsecured creditors listed in this case will be non-dischargeable in any future case filed by these debtors to the extent of any distribution they would have received had this case not been dismissed.

**Conclusion**

For the foregoing reasons, a separate order will enter granting the debtor's motion to dismiss with the above proviso.

Done this 13th day of October, 2010.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtors
 Lindsay B. Erwin, Attorney for Debtors
 Cecil M. Tipton, Jr., Trustee

4